IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE PROVIDER MEDS, LLC, | § |
| | § |
|    Debtor. | § |
| | § |
| TECH PHARMACY SERVICES, INC., | § |
| | § Civil Action No. 3:17-CV-0441-D |
|    Plaintiff-Appellee, | § (Bankr. Ct. No. 13-30678-BJH; |
| | § Adversary No. 15-03101-BJH) |
| VS. | § |
| | § |
| RPD HOLDINGS, LLC, | § |
| | § |
|    Defendant-Appellant. | § |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FITZWATER, District Judge:

In this appeal from a final judgment in an adversary proceeding, the court must decide whether the bankruptcy court erred in concluding that a patent license was an executory contract that was deemed rejected under 11 U.S.C. § 365(d)(1), and that bankruptcy trustees could not therefore have assigned, sold, or otherwise transferred as a part of an asset purchase/settlement agreement. Concluding that the bankruptcy court did not err, its judgment is AFFIRMED.

I

Plaintiff-appellee Tech Pharmacy Services, LLC ("Tech Pharm") holds United States

Patent No. 7,698,019 (the "Patent").[1]  On April 26, 2012 Tech Pharm entered into a Compromise, Settlement, Release and License Agreement ("License") with Provider Meds, LP, ProvideRx of Waco, LLC ("Waco"), ProvideRx of Grapevine, LLC ("Grapevine"), ProvideRx of San Antonio, LLC, W PA OnSiteRx, LLC ("W. Pa.") (collectively, "Debtors"), and various other individuals and entities (collectively, "Licensees") that resolved patent litigation involving Tech Pharm and the Licensees and granted the Licensees a perpetual license to use Tech Pharm's Patent.  In this adversary proceeding between Tech Pharm and defendant-appellant RPD Holdings, LLC ("RPD"), the sole issue to be decided is "whether RPD took assignment of, or otherwise acquired any rights in, the [License]." R. 23.

Although the bankruptcy court made extensive findings and conclusions that dealt with other issues in this case, its judgment can be affirmed on a narrower basis, without addressing all of the issues the bankruptcy court reached.  The bankruptcy court concluded, in pertinent part, that the License is an executory contract that cannot be sold in accordance with 11 U.S.C. § 363(b), but must instead be assumed and assigned in accordance with 11 U.S.C. § 365(a) and (f); that because no trustee assumed and assigned the License within 60 days from the order for relief or sought to extend the time period for doing so, the License was deemed rejected in each Debtor's bankruptcy case; and that because the License was deemed rejected before any of the pertinent sale motions was filed, "as it pertains to the License, there was nothing for the applicable trustee to attempt to assign, sell or otherwise

---

[1]The parties stipulated to most of the underlying facts in the Joint Pretrial Order.

transfer," and "[t]hus, RPD obtained no rights in the License pursuant to any of the [bankruptcy] [c]ourt's sale orders." *Id*. at 38. If the bankruptcy did not err in these conclusions, its final judgment must be affirmed.

II

"The court reviews the bankruptcy court's conclusions of law *de novo*[.]" *In re Nary*, 253 B.R. 752, 756 (N.D. Tex. 2000) (Fitzwater, J.) (quoting *In re ICH Corp.*, 230 B.R. 88, 91 n.10 (N.D. Tex. 1999) (Fitzwater, J.)). For the reasons explained, the court holds that the bankruptcy court did not err in concluding that the License was an executory contract; that, notwithstanding the Debtors' failure to schedule the License, it was "deemed rejected" under 11 U.S.C. § 365(d)(1); and that because the License was "deemed rejected," the Debtors' bankruptcy trustees could not have later assigned, sold, or otherwise transferred it.

A

Section 365 of the Bankruptcy Code provides for the assumption and assignment by the bankruptcy trustee of any executory contract of the debtor. *See* 11 U.S.C. § 365(a), (f). Courts have repeatedly held, and the parties in this appeal do not dispute, that "section 365 is the *exclusive means* of effectuating assumption and assignment of executory contracts in bankruptcy." *In re MPF Holding U.S. LLC*, 2013 WL 3197658, at *10 (Bankr. S.D. Tex. June 21, 2013) (emphasis added).

The Bankruptcy Code does not define the term "executory contract." Under the "Countryman" definition, which the Fifth Circuit has adopted, "an agreement is executory [for purposes of § 365] if at the time of the bankruptcy filing, the failure of either party to

- 3 -

complete performance would constitute a material breach of the contract, thereby excusing the performance of the other party." *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62-63 (5th Cir. 1994) (per curiam). In other words, an executory contract is "a contract 'on which performance remains due to some extent on both sides.'" *In re DeVries*, 2014 WL 4294540, at *8 (Bankr. N.D. Tex. Aug. 27, 2014) (D.M. Lynn, J.) (proposed findings of fact and conclusions of law) (quoting *In re Robert L. Helms Constr. & Dev. Co.*, 139 F.3d 702, 705 (9th Cir. 1998)).

The bankruptcy court did not err in concluding that, under the License, Tech Pharm owed a material obligation to the Licensees to forbear from suing them for infringement of the Patent related to machines placed into service *after* execution of the License; that the Licensees also owed material obligations to Tech Pharm; and that the License was therefore an executory contract governed by 11 U.S.C. § 365.

B

It is undisputed that no trustee in any of the Debtors' bankruptcy cases assumed and assigned the License within 60 days of the order for relief (here, the date the bankruptcies were converted from Chapter 11 to Chapter 7), or moved to extend the deadline by which the trustee would have been obligated to assume the License. Accordingly, under 11 U.S.C. § 365(d)(1),[2] in each Debtor's bankruptcy case, the License was "deemed rejected."

---

[2]11 U.S.C. § 365(d)(1) provides:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of

RPD argues that an *unscheduled* executory contract is not deemed rejected under § 365(d)(1) if not assumed and assigned within 60 days. The bankruptcy court rightly rejected this contention. RPD has cited no case that supports this novel argument, and the Bankruptcy Code is clear: if the trustee fails to assume an executory contract within the 60-day period (or extend the time to assume or reject), the executory contract is deemed rejected. 11 U.S.C. § 365(d)(1).

C

An executory contract that is "deemed rejected" ceases to be property of the bankruptcy estate. *See In re Garfinkle*, 577 F.2d 901, 904 (5th Cir. 1978) ("[T]he Trustee's rejection of the lease [, an executory contract], did not destroy the leasehold estate. That action merely placed the leasehold outside of the bankruptcy administration.").[3]

> residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

[3] *See also, e.g., In re Stoltz*, 315 F.3d 80, 86 (2d Cir. 2002) ("If a Chapter 7 trustee does not assume or reject an unexpired lease within sixty days of the order for relief, then the lease is deemed rejected under section 365(d)(1). Upon rejection, the lease is no longer part of the bankruptcy estate, and the non-debtor party to the contract may generally pursue state law remedies for breach of contract, including eviction for breach of lease."); *In re Yelverton*, 2015 WL 4761193, at *2 (Bankr. D.D.C. Aug. 12, 2015) ("[W]here an executory contract is deemed rejected by a Chapter 7 trustee, the rejection is tantamount to an abandonment, with the contract vesting in the debtor"); *In re Scharp*, 463 B.R. 123, 129 (Bankr. C.D. Ill. 2011) ("The primary effect of rejection is to abandon the lease from the estate so that it reverts back to the debtor's control outside of bankruptcy. Assumption and rejection are bankruptcy concepts that determine whether the estate will administer the lease; rejection merely removes it from property of the estate." (citing cases)).

Accordingly, the bankruptcy court did not err in concluding that the deemed rejection of the License under § 365(d)(1) precluded the trustees from later attempting—through the sale/settlement motions or asset purchase/settlement agreements—to assign, sell, or otherwise transfer the License, and that RPD therefore obtained no rights in the License pursuant to any of the bankruptcy court's sale orders.[4]

* * *

Accordingly, the bankruptcy court's final judgment is AFFIRMED.

August 31, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[4]RPD relies on language in the Master Settlement Agreement that "RPD is entitled to all remaining available Tech Pharm licenses (such as those otherwise acquired from [Grapevine]; [W. Pa.]; and [Waco])," R. 1068, and on the bankruptcy court's statement in the Master Sale and Settlement Order that "ALL terms of the [Master Settlement Agreement] are incorporated herein by reference," R. 306 (bold font omitted), to argue that "the Bankruptcy Court, by final and non-appealable order, found that RPD 'otherwise acquired' the License from Waco, Grapevine, and W[.] Pa." Appellant Br. 24. The court rejects this argument, at least for the reason that, because none of the bankruptcy trustees *could have* assigned, sold, or otherwise transferred the License after it ceased to be property of the bankruptcy estates pursuant to § 365(d)(1), the License was never "otherwise acquired" from Grapevine, W. Pa., or Waco.